IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:15CV00294 SWW |
| | * | |
| DR. GAIL R. JONES, ET AL., | * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

On May 27, 2015, Plaintiff Sheila Smith commenced this action *pro se*. Along with her complaint, Smith filed an application to proceed *in forma pauperis*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis. Martin–Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)(1). If she does, the complaint is permitted to be filed. *Id.* Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id*. Because it appears that plaintiff's economic situation qualifies her for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed.

The Court next determines whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it

"describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law." *Neitzke v. Williams,* 490 U.S. 319, 327–29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir.2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

Plaintiff was born in Brinkley, Arkansas in 1971. Her complaint contains allegations that her parents are the reason she is homeless and that they are letting men have her. Last December, she filed a report with the Las Vegas (Nevada) Metropolitan Police Department that "she had module surgery in her stomach and the module is still in her stomach. Sheilia stated her mom and dad are raping her and making her sleep with her husband when she's asleep, and many men." Compl. at 4. She claims she has been assaulted many times while living in Arkansas. She has lived in California, New York, and Texas. She filed a professional misconduct claim against an Arkansas lawyer, and recently contacted a Texas law firm regarding a medical malpractice claim.

There is no discernable claim over which this Court has subject-matter jurisdiction. Because Smith's complaint fails to state a claim and fails to establish a basis for federal subject-matter jurisdiction, it must be dismissed pursuant to 28 U.S.C. § 1951(e)(2)(B).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] is granted. IT IS FURTHER ORDERED that the complaint is dismissed with prejudice.

DATED this 4th day of June 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE